

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __d·l9·d0__

THE CITY OF NEW YORK
**JAMES E. JOHNSON**          **LAW DEPARTMENT**                    ALANA R. MILDNER
*Corporation Counsel*            100 CHURCH STREET              Labor and Employment Law Division
                              NEW YORK, NY 10007                    Phone: (212) 356-1177
                                                                      Fax: (212) 356-2439
                                                              Email: amildner@law.nyc.gov

February 13, 2020

**BY ECF**

Honorable John G. Koeltl

United States District Court, Southern District of New York

500 Pearl Street

New York, New York 10007

Re: Biehner v. City of N.Y. et al.
Civil Action No. 19 Civ. 9646 (JGK)
Law Dept. No. 2019-084168

*[handwritten annotation:]* THE COURT WILL ADDRESS THE PROPOSED MOTION AT THE FEBRUARY 25, 2020 CONFERENCE. THE CLERK SHALL CLOSE DOCUMENT 17.

SO ORDERED.

2/19/20  *[signature]*  S D J

Dear Judge Koeltl:

I am an Assistant Corporation Counsel in the Office of James E. Johnson,
Corporation Counsel of the City of New York, attorney for Defendants City of New York, New
York City Department of Education ("DOE"), and Omotayo Cineus in the above-referenced
action.[1] Defendants write to respectfully request a pre-motion conference regarding their
anticipated Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

**A.    Factual Background**

Plaintiff is a DOE teacher. Complaint, ECF No. 4, at ¶ 13. In June 2013, Plaintiff
was accused of forcibly removing a student's shoe as collateral for borrowed classroom supplies.
*Id.* at ¶¶ 24, 25. On June 19, 2013, Plaintiff and her union representative met with Principal
Cineus to discuss this allegation. *Id.* at ¶¶ 28, 42. On September 1, 2014, Plaintiff went on
maternity leave, with an anticipated return date of August 2020. *Id.* at ¶ 49. In October 2018,
while on maternity leave, Plaintiff reviewed her personnel file and "discovered"—for the first
time—a letter, dated June 20, 2013, which memorialized the June 2013 shoe incident. *Id.* at ¶ 47.
Plaintiff brings this action pursuant to 42 U.S.C. § 1981, § 1983, § 1985, and § 1988, Title VII of
the Civil Rights Act of 1964, and the First, Fifth, Seventh, Eighth, and Fourteenth Amendments
to the United States Constitution. *Id.* at ¶ 1. Specifically, Plaintiff claims that the June 20, 2013
letter constitutes discrimination on the basis of gender and familial status, defamation, breach of
contract, negligent and intentional infliction of emotional distress, and fraud.

---

[1] Steve Traversiere has not been served with the Complaint.

**B.    Plaintiff's 42 U.S.C. §§ 1983[2] and 1985 Claims are Barred by the Statutes of Limitations and her Failure to State a Claim**

Nearly all of Plaintiff's allegations concern a June 2013 incident and, as a matter of law, are time-barred. *See Harrison v. Lutheran Med. Ctr.*, 05-CV-2059 (CBA)(LB), 2010 U.S. Dist. LEXIS 103058, at *18 (E.D.N.Y. Mar. 23, 2010) (New York's three year statute of limitations applies to §§ 1983 and 1985 claims). A § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury". *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir. 1999). Plaintiff's claim that disciplinary material was placed in her file in June 2013 is time-barred. Plaintiff acknowledges that she met with Principal Cineus in June 2013 regarding an allegation that she forcibly took a student's shoe. *See* Complaint, ECF No. 4, at ¶ 43. Therefore, Plaintiff had reason to know that material could be placed in her file reflecting the investigation. That Plaintiff waited until October 2018 to review the file does not render the allegations timely.

Plaintiff's additional allegation that she was "inappropriately and inexplicably denied tenure" is also time-barred. *Id.* at ¶ 49. Plaintiff admits in the Complaint that she had not received tenure prior to going on maternity leave in September 2014. *Id.* Consequently, Plaintiff's First, Fifth, Seventh, Eighth, and Fourteenth Amendment claims are time-barred.

Even if Plaintiff's claims were not time-barred, Plaintiff fails to state a claim under either statute. Plaintiff's First Amendment claim fails as she does not allege that she participated in any protected activity. Her Fifth and Seventh Amendment claims also fail, as the portions of the Fifth Amendment applicable to civil proceedings apply only to the federal government, not to the City of New York or DOE, and the Seventh Amendment concerns jury trials. The Eighth Amendment applies only in criminal proceedings, and not to employee discipline. *See McTate v. Ayotte*, 17-cv-9412 (CM), 2018 U.S. Dist. LEXIS 103428, at *4 (S.D.N.Y. June 19, 2018). With regard to Fourteenth Amendment claims, as a probationary employee, Plaintiff does not have a property interest in her employment. *See Finley v. Giacobbe*, 79 F.3d 1285, 1992 (2d Cir. 1996). Therefore, Plaintiff cannot claim any deprivation of property. And finally, to the extent she alleges a deprivation of liberty/"stigma-plus" claim—that Defendants made false and stigmatizing statements about her, that there was a tangible and material state-imposed burden, and that the statements were made public in close proximity to the state-imposed burden—Plaintiff fails to meet the second prong, as she has not experienced a change in her employment status or some other adverse act. *See Patterson v. City of Utica*, 370 F.3d 322, 332 (2d Cir. 2004). Even if she had been terminated or experienced an adverse act, Plaintiff would have had an adequate post-deprivation remedy, an Article 78 proceeding, to clear her name. *See Kuczinski v. City of N.Y.*, 352 F. Supp. 3d 314, 324 (S.D.N.Y. 2019) (Koeltl, J.). Thus, Plaintiff fails to state a procedural due process "stigma-plus" claim.

**C.    Plaintiff's Discrimination Claims Under Title VII, the New York State and New York City Human Rights Laws Must Be Dismissed**

Although Plaintiff appears to bring claims pursuant to Title VII, Plaintiff has failed to demonstrate that she exhausted her administrative remedies by filing a charge with the

---

[2] The Second Circuit, in *Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018), held that § 1983 provides the sole cause of action against state actors alleged to have violated § 1981.

Equal Employment Opportunity Commission ("EEOC"). An EEOC charge is a condition precedent to bringing a Title VII action. *Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir. 2000) (holding that failure to file EEOC charge is not a jurisdictional prerequisite but a precondition that can be waived by the parties).

Even if Plaintiff had filed a charge with the EEOC, Plaintiff alleges no facts to support a Title VII claim. To survive a motion to dismiss, a plaintiff must plausibly allege that an adverse action was motivated, at least in part, by a protected characteristic. *See Carrington v. Mota*, 16-CV-8061(GBD)(JLC), 2017 U.S. Dist. LEXIS 141114 at *21 (S.D.N.Y. Aug. 31, 2017), *citing Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015). Indeed, although Plaintiff appears to proceed on a theory of discrimination on the basis of her gender, race and/or familial status, Plaintiff fails to identify any adverse action within the limitations periods to support a claim under Title VII or the New York State and New York City Human Rights Laws. Assuming *arguendo* that Plaintiff's claims regarding the June 2013 letter were timely, the letter cannot be considered an adverse employment action. *See Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012)("[L]etters to file do not rise to the level of an adverse employment action where...they do not trigger other adverse consequences, such as loss of pay."). Additionally, Plaintiff fails to plead any facts that would suggest that the June 2013 letter was issued with any discriminatory intent.

### D. Plaintiff Fails to State a Breach of Contract Claim

Plaintiff asserts that Defendants violated the contract between DOE and the United Federation of Teachers. Complaint, ECF No. 4, at ¶ 120. Plaintiff may not initiate a breach of contract claim, as it is the union, and not the employee, who must initiate a breach of contract claim in New York. *Berlyn v Bd. of Educ. of E. Meadow Union Free Sch. Dist.*, 80 A.D.2d 572, 573 (N.Y. App. Div. 2d Dept. 1981), *aff'd* 55 N.Y.2d 912 (1982).

### E. Plaintiff Fails to State a Claim of Defamation

Plaintiff fails to state a claim of defamation under New York law, as she does not allege the unprivileged publication of false information to a third party. Although Plaintiff continues to deny that the shoe incident constituted corporal punishment, information regarding the substance of the allegations and a statement of findings are not falsehoods. *See Sandiford v. City of N.Y. Dept. of Educ.*, 26 Misc.3d 1223(A) (Sup. Ct. N.Y. Cnty. Feb. 9, 2010) (letters stating that allegations were being investigated were not false statements). Plaintiff alleges that her personnel file contains a facsimile transmittal sheet demonstrating that Principal Cineus faxed the June 20, 2013 letter to Chester Hawkins[3]. Complaint, ECF No. 4, at ¶ 53. Under the common interest privilege, transmission of information to individuals conducting an investigation cannot be considered defamation. *See Moore v. New York City Dept. of Educ.*, 03 Civ. 2034 (LAP), 2004 U.S. Dist. LEXIS 5338 (S.D.N.Y. Mar. 31, 2004). Plaintiff further alleges that her personnel file contains a Facsimile Transmission Log indicating that on June 27, 2013, Cineus attempted to fax Plaintiff documents for her review, but the fax number in the log does not belong to Plaintiff. Complaint, ECF No. 4, at ¶ 53.

---

[3] Plaintiff alleges that she is unaware of Hawkins' position. Hawkins was a DOE investigator.

Accordingly, Defendants City of New York, DOE, and Omotayo Cineus respectfully request a pre-motion conference regarding their anticipated Motion to Dismiss the Complaint.

Respectfully Submitted,

/s/

Alana R. Mildner
Assistant Corporation Counsel

cc:     **By ECF**
        Thomas F. Liotti, Esq.
        Law Offices of Thomas F. Liotti, LLC
        Attorneys for Plaintiff
        600 Old Country Road, Suite 530
        Garden City, New York 11530

4