No. 19 Civ. 9646 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRITTNEY BIEHNER a/k/a BRITTNEY REILLY,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; OMOTAYO
CINEUS; STEVE TRAVERSIERE; and "JOHN DOE
AND JANE DOE #1-100" said names being fictitious,
it being the intent of Plaintiff to designate any and all
individuals, officers, members, agents, servants,
and/or employees of the aforementioned agencies
owing a duty of care to Plaintiff, individually and
jointly and severally,

                                                    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*New York City Department of Education,*
*Omotayo Cineus, and Steve Traversiere*
*100 Church Street, Room 2-146*
*New York, New York 10007*

*Of Counsel: Alana R. Mildner*
*Tel.: (212) 356-1177*
*Matter No.: 2019-084168*

William S. J. Fraenkel,
Alana R. Mildner,
    Of Counsel.

# Table of Contents

PRELIMINARY STATEMENT ........................................................................................................ 3

STATEMENT OF FACTS .............................................................................................................. 3

ARGUMENT ................................................................................................................................. 3

POINT I .................................................................................................................................. 3

Plaintiff's Claims Must Be Dismissed as they are Outside of statute of Limitiations ........... 3

POINT II ................................................................................................................................. 5

Plaintiff Fails to State a Claim under the Fourteenth Amendment to the United States
Constitution ......................................................................................................................... 5

POINT III ............................................................................................................................... 7

Plaintiff Fails to State a Claim of Municipal Liability under 42 U.S.C. § 1983 .................... 7

POINT IV ............................................................................................................................... 8

Plaintiff Fails to State a Claim under 42 U.S.C. § 1985 ...................................................... 8

POINT V ................................................................................................................................ 9

Plaintiff Fails to State a Breach of Contract Claim ............................................................. 9

POINT VI ............................................................................................................................. 10

Plaintiff Fails to State a Claim of Defamation ................................................................... 10

POINT VII ............................................................................................................................ 12

Plaintiff Fails to State a Claim of Fraud ............................................................................ 12

POINT VIII ........................................................................................................................... 13

Plaintiff's Emotional DistresS Claims Must be Dismissed ................................................. 13

POINT IX ............................................................................................................................. 16

The City of New York is not a Proper Party to this Action ................................................. 16

CONCLUSION ....................................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Balentine v. Tremblay*, 554 Fed. Appx. 58, 60 (2d Cir. 2014) ...................................................... 6

*Berlyn v. Bd. of Educ. of E. Meadow Union Free Sch. Dist.*, 80 A.D.2d 572, 573 (N.Y. App. Div. 2d Dept. 1981) ............................................................................................................................. 9

*Castro v. Cnty. of Nassau*, 739 F. Supp. 2d 153, 181 (E.D.N.Y. 2010) ........................................ 8

*Cummings v. City of N.Y.*, 19-cv-7723 (CM)(OTW), 2020 U.S. Dist. LEXIS 31572, at *77-78 (S.D.N.Y. Feb. 24, 2020) ................................................................................................................ 16

*Fierro v. New York City Dept. of Educ.*, 994 F. Supp. 2d 581, 588 (S.D.N.Y. 2014) ................... 7

*Frederique v. Cnty. of Nassau*, 168 F. Supp. 3d 455, 483-84 (E.D.N.Y. 2016) ........................... 14

*Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297-98 (S.D.N.Y. 2015) ........................... 15

*Harrison v. Lutheran Med. Ctr.*, 05-CV-2059 (CBA)(LB), 2010 U.S. Dist. LEXIS 103058 ........ 3

*Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997) ...................................... 4

*Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) .......................................................... 7

*Kelly v. Chase Manhattan Bank*, 717 F. Supp. 227, 235 (S.D.N.Y. 1989)................................... 15

*Kuczinski v. City of New York*, 352 F. Supp. 3d 314, 324 (S.D.N.Y. 2019)................................. 5

*Matthews v. City of N.Y.*, 1:15-CV-2311 (ALC), 2017 U.S. Dist. LEXIS 103039, at *15 (S.D.N.Y. June 30, 2017)................................................................................................................ 15

*Missick v. City of New York*, 707 F. Supp. 2d 336, 346-47 (E.D.N.Y. 2010) ............................. 16

*Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978)..................................................................... 7

*Moore v. New York City Dept. of Educ.*, 03 Civ. 2034 (LAP), 2004 U.S. Dist. LEXIS 5338 (S.D.N.Y. Mar. 31, 2004) ............................................................................................................. 11

*N.U. v. E. Islip Union Free Sch. Dist.*, 16-cv-4540 (SJF)(ARL), 2017 U.S. Dist. LEXIS 224461, at *65 – 67 (E.D.N.Y. Sept. 15, 2017)......................................................................................... 14

*Ortiz v. Dept. of Educ.*, 11-cv-6027(SLT)(SMG), 2015 U.S. Dist. LEXIS 123669, at *54 (E.D.N.Y. Sept. 15, 2015)............................................................................................................ 6

*Pallonetti v. Liberty Mut.*, 10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529, at *31 (S.D.N.Y. Feb. 11, 2011) ........................................................................................................................................ 16

*Perez v. City of New York*, 41 A.D.3d 378, 379 (N.Y. App. Div. 1st Dep't 2007) ..................... 16

*Picott v. Chatmon*, 12 Civ. 7202 (ER), 2017 U.S. Dist. LEXIS 151044, at *32-33 (S.D.N.Y. Sept. 15, 2017)............................................................................................................................... 10

*Rivera v. Cmty. Sch. Dist. Nine*, 145 F. Supp. 2d 302, 306 (S.D.N.Y. 2001)................................. 5

*Rothbein v. City of N.Y.*, 18-CV-5106 (VEC), 2019 U.S. Dist. LEXIS 32358, at *38-40

(S.D.N.Y. Feb. 28, 2019) ....................................................................................................... 10

*Sandiford v. City of N.Y. Dept. of Educ.*, 26 Misc.3d 1223(A) (Sup. Ct. N.Y. Cnty. Feb. 9, 2010)

.................................................................................................................................................. 12

*Teller v. Galak*, 162 A.D.3d 959, 960 (N.Y. App. Div. 2d Dep't 2018) ...................................... 14

*Teneriello v. Travelers Cos.*, 226 A.D.2d 1137, 1138 (N.Y. App. Div. 4th Dep't 1996) .............. 4

*Tornheim v. Fed. Home Loan Mortg. Co*, 988 F. Supp. 2d 279, 286 n. 6 (S.D.N.Y. 1997) ........ 14

## PRELIMINARY STATEMENT

Defendants, the City of New York, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE"), Omotayo Cineus, and Steve Traversiere, submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The Amended Complaint must be dismissed on multiple grounds. Plaintiff's claims regarding alleged 2013 events are outside of the three-year statute of limitations for most claims. Plaintiff also fails to state a claim under either the Fourteenth Amendment to the United States Constitution or New York State laws concerning defamation and breach of contract. Lastly, the City of New York is a separate legal entity from DOE and is not a proper party to this matter. Therefore, the Amended Complaint should be dismissed.

## STATEMENT OF FACTS[1]

Plaintiff, Brittney Biehner, also known as Brittney Reilly, is a DOE teacher who most recently taught at Middle School 72 in Queens, New York. Amended Complaint, ECF No. 24, at ¶ 18. From September 1, 2014 to the present, Plaintiff has been on a leave of absence due to two pregnancies and an automobile accident. *Id*. at ¶ 50. Plaintiff intends to return to teaching at the start of the 2020-2021 school year. *Id*. Plaintiff was not granted tenure prior to going on leave in September 2014. *Id*. at ¶ 49. During Plaintiff's employment at Middle School 72, Defendant Omotayo Cineus was the school's principal and Defendant Steve Traversiere was its assistant principal. *Id*. at ¶ 20, 38.

---

[1] Defendants' statement of facts is derived from the allegations of the Amended Complaint and the documents and materials incorporated by reference into the Amended Complaint, and are taken as true only for the purpose of this Motion to Dismiss.

Plaintiff alleges that in May 2013, she was summoned to a disciplinary meeting with Defendant Cineus to discuss Plaintiff's attendance record. Amended Complaint, ECF No. 24, at ¶ 20. Plaintiff claims she was subjected to unspecified disciplinary action on account of her six absences. *Id*. at ¶ 22.

Plaintiff asserts that a month later, in June 2013, she was summoned to a conference with Defendant Cineus regarding an incident in her classroom. Amended Complaint, ECF No. 24, at ¶ 26. The incident resulted from a classroom rule Plaintiff implemented. Plaintiff required students to temporarily relinquish personal items in exchange for borrowing classroom supplies. *Id*. at ¶ 25. Plaintiff was accused of forcibly taking a student's shoe in exchange for permitting the student to remove his writing portfolio folder from the classroom. *Id*. at ¶ 24. On June 19, 2013, eight days after this alleged incident, a meeting was held to discuss the accusation that Plaintiff took a student's shoe. In attendance at this meeting were Plaintiff, Defendant Cineus, and an unidentified union representative. *Id*. at ¶ 41, 42. Plaintiff maintains that although the letter summoning her to the meeting stated that the conference could lead to disciplinary action, the letter did not specify that Plaintiff was accused of corporal punishment. *Id*. at ¶ 27.

Plaintiff alleges that Defendants Cineus and Traversiere conducted an investigation. *See* Amended Complaint, ECF No. 24, at ¶¶ 28, 38. Plaintiff believes that a paraprofessional provided a statement indicating that Plaintiff asked for the shoe and that it was given willingly. *Id*. at ¶ 28. Plaintiff is also of the belief that three students gave statements, one of whom was the student who had alleged that Plaintiff forcibly took his shoe. *Id*. Plaintiff contends that she was not made aware of the outcome of the investigation. *Id*. at ¶ 44.

Plaintiff asserts that in October 2018, while on a leave of absence, she reviewed her DOE personnel file and noticed a letter, dated June 20, 2013, regarding the June 19, 2013 meeting. Amended Complaint, ECF No. 24, at ¶ 46. Plaintiff alleges that this letter indicated that allegations of corporal punishment were sustained. *Id*. at ¶ 53. Plaintiff asserts that she had not seen this letter previously. *Id*. The letter was accompanied by a fax cover sheet, dated June 27, 2013, addressed to Plaintiff's attention. Plaintiff claims she does not own a fax machine. *Id*. at ¶ 53 – 54. To obtain additional information about the June 2013 incident, Plaintiff submitted a Freedom of Information Law ("FOIL") request to DOE and received a response on February 15, 2019. The responsive DOE records reflect a sustained and closed corporal punishment investigation involving Plaintiff from June 2013. *Id*. at ¶ 58.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS MUST BE DISMISSED AS THEY ARE OUTSIDE OF STATUTE OF LIMITIATIONS

Plaintiff filed the initial Complaint in the instant matter on October 18, 2019. *See* Complaint, ECF No. 1. Nearly all of Plaintiff's allegations concern a June 2013 incident, which, as a matter of law, are time-barred.

New York's three-year statute of limitations applies to Plaintiff's constitutional claims. *See Harrison v. Lutheran Med. Ctr.*, 05-CV-2059 (CBA)(LB), 2010 U.S. Dist. LEXIS 103058, at *18 (E.D.N.Y. Mar. 23, 2010) (New York's three year statute of limitations applies to §§ 1983 and 1985 claims). Therefore, any constitutional claims arising prior to October 18, 2016 are time-barred.

New York's statute of limitations for a defamation claim is one year after publication of the defamatory statement. The one year limitation applies regardless of when

Plaintiff became aware of such publication.  N.Y. C.P.L.R. § 215; *Teneriello v. Travelers Cos.*, 226 A.D.2d 1137, 1138 (N.Y. App. Div. 4th Dep't 1996).  Similarly, New York has a one-year statute of limitations for claims of intentional infliction of emotional distress, and a three-year statute of limitations applies to claims of negligent infliction of emotional distress.  N.Y. C.P.L.R. §§ 214, 215.  The New York breach of contract statute of limitations is six years.  N.Y. C.P.L.R. § 213.

In light of the above stated law, Plaintiff is barred from bringing claims related to her May 2013 unspecified discipline for excessive absences.  She is also barred, by the statute of limitations, from all of her state law claims but breach of contract claims regarding her September 2014 denial of tenure.

Nearly all of Plaintiff's allegations concern a June 2013 incident in which Plaintiff was accused of forcibly removing a student's shoe.  The statute of limitations for claims brought under 42 U.S.C. §§ 1983 and 1985, "begins to run once the Plaintiff knows of the injury on which the claim is based."  *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997).  To the extent Plaintiff asserts that Defendants did not comply with DOE timelines and regulations in conducting the investigation, it must be noted that Plaintiff had knowledge of the investigation within days of the event.  Defendant Cineus held a meeting with Plaintiff eight days after the incident occurred.  Plaintiff was aware in June 2013 that Defendant Traversiere asked students to give statements.  As such, Plaintiff's claims that the administrators failed to follow certain procedures in conducting the investigation are time-barred.

## POINT II

## PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

"In order to allege a violation of due process rights pursuant to 42 U.S.C. § 1983 a plaintiff must first establish that she has suffered a deprivation of a constitutionally protected liberty interest or property interest." *Rivera v. Cmty. Sch. Dist. Nine*, 145 F. Supp. 2d 302, 306 (S.D.N.Y. 2001). Even if, as explained above, Plaintiff's Fourteenth Amendment Due Process Claims are not barred by the statute of limitations, she nonetheless fails to state a claim for which relief can be granted.

### A.     Property Interest

Plaintiff has been employed as a probationary teacher and has yet to receive tenure. *See generally* Amended Complaint, ECF No. 24. As a probationary teacher, Plaintiff lacks a property interest in her position. *Rivera*, 145 F. Supp. 2d at 306. Plaintiff remains employed as a DOE teacher and is on an approved leave of absence. Accordingly, Plaintiff fails to plead a deprivation of a constitutionally-protected property interest.

### B.     Liberty Interest / "Stigma-Plus"

This Court has found that "[t]he loss of one's reputation can violate the Due Process Clause [of the Fourteenth Amendment] if the loss of reputation is associated with the deprivation of a federally protected liberty interest, such as government employment." *Kuczinski v. City of New York*, 352 F. Supp. 3d 314, 324 (S.D.N.Y. 2019) (Koeltl, J.), *citing Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972). This is commonly referred to as a "stigma-plus claim". Plaintiff has failed to plead such a claim.

"The 'stigma' within a stigma plus claim is the loss of reputation and the 'plus' is the loss of a more tangible interest, such as employment." *Kuczinski*, 352 F. Supp. 3d at 324.

Plaintiff alleges that DOE has placed "fabricated and unfounded charges" in her employment record that can be "publically viewed". Amended Complaint, ECF No. 24, at ¶ 130. Plaintiff, however, has not experienced the loss of any tangible interest and remains employed as a DOE teacher.

To plead a "stigma-plus" claim, a plaintiff must allege both a "stigma" and a "plus". An assertion that the plaintiff has experienced a loss of reputation, without alleging the loss of a more tangible interest, is insufficient to invoke the protections of the Fourteenth Amendment's Due Process Clause. *See Balentine v. Tremblay*, 554 Fed. Appx. 58, 60 (2d Cir. 2014). "Examples of tangible interests recognized by the Supreme Court include the loss of the right to purchase alcohol, foreclosure of the freedom to take advantage of government employment, and the extinguishment of the right to public education." *Id.* (internal citations omitted). *See also Ortiz v. Dept. of Educ.*, 11-cv-6027(SLT)(SMG), 2015 U.S. Dist. LEXIS 123669, at *54 (E.D.N.Y. Sept. 15, 2015) (dismissing stigma-plus claim when there was no state-imposed alteration of teacher's employment status).

Although Plaintiff asserts that the sustained corporal punishment allegation will "prevent her from working with the children or [sic] the New York City Department of Education in any capacity", Amended Complaint, ECF No. 24, at ¶ 134, such an assertion is false and undermined by the fact that Plaintiff remains employed as a DOE teacher on an approved leave of absence with an anticipated return date of August 2020, and that Plaintiff was not reassigned after the June 2013 incident and was permitted to work with children up until her September 2014 pregnancy-related leave. *See* Amended Complaint, ECF No. 24, at ¶¶ 44, 50.

Based upon the foregoing, Plaintiff's Fourteenth Amendment liberty interest claim must be dismissed.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM OF MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

Plaintiff asserts that she experienced a deprivation of a right pursuant to government policy or practice. Plaintiff alleges that Defendants have a pattern of unspecified behavior against non-tenured teachers. *See* Amended Complaint, ECF No. 24, at ¶ 135. Citing *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978), Plaintiff asserts that DOE should be liable for the actions of Defendants Cineus and Traversiere. Amended Complaint, ECF No. 24, at ¶ 135. Plaintiff's claims in this regard stem from a June 2013 investigation into an allegation of corporal punishment. Even if these claims were not barred by the three-year statute of limitations, Plaintiff's *Monell* claims must fail.

It is well-established that "local governing bodies, such as the DOE, may be sued directly under § 1983 only where a violation of rights resulted from the government's policy or custom…". *Fierro v. New York City Dept. of Educ.*, 994 F. Supp. 2d 581, 588 (S.D.N.Y. 2014) (internal quotations omitted). Plaintiff identifies neither a violation of rights nor a specific policy or custom that caused a violation of rights. Rather, Plaintiff alleges that Defendants Cineus and Traversiere departed from DOE's guidelines regarding corporal punishment investigations when investigating the June 2013 allegation that Plaintiff removed a student's shoe. *See* Amended Complaint, ECF No. 24, at ¶ 136.

Plaintiff fails to allege that Defendant Cineus, a principal, or Defendant Traversiere, an assistant principal, had any policymaking authority. Isolated acts of non-policymaking municipal employees are insufficient to state a claim of municipal liability. *See Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012). Although courts have found that there are situations in which a principal can be a final policymaker, Plaintiff makes no allegation

that Defendant Cineus had such final decisional authority.  *See generally* Amended Complaint.

*See also Fierro*, 994 F. Supp. 2d at 588-89 (collecting cases in which courts evaluated whether a

principal had policymaking authority).

To the extent Plaintiff seeks to establish municipal liability under a theory of

deliberate indifference, she fails to do so.  "[D]eliberate indifference requires a showing that the

official made a conscious choice, and was not merely negligent."  *Jones*, 691 F.3d at 81.

Plaintiff, however, asserts that Defendants were "careless and negligent" in departing from

DOE's policies for corporal punishment investigations.  Amended Complaint, ECF No. 24, at ¶

136.  Thus, Plaintiff fails to state a claim that Defendants intentionally deviated from established

DOE policies.

Accordingly, Plaintiff fails to state a claim against any of the Defendants under 42

U.S.C. § 1983.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985

Plaintiff's Amended Complaint contains passing references to 42 U.S.C. § 1985.

The elements of a § 1985(3) claim are: 1) conspiracy; 2) for the purpose of depriving a person or

class of equal protection of the laws; 3) an act in furtherance of the conspiracy; and 4) a person is

injured or deprived of a right.  *Castro v. Cnty. of Nassau*, 739 F. Supp. 2d 153, 181 (E.D.N.Y.

2010).  Plaintiff fails to allege any of these elements in her Amended Complaint and pleads

neither an equal protection violation nor a conspiracy.  *See generally* Amended Complaint, ECF

No. 24.  Accordingly, any 42 U.S.C. § 1985 claims must be dismissed.

## PLAINTIFF FAILS TO STATE A BREACH OF
## CONTRACT CLAIM

Plaintiff asserts that Defendants violated the contract between DOE and Plaintiff's bargaining unit, the United Federation of Teachers ("UFT"). Amended Complaint, ECF No. 24, at ¶ 124. Plaintiff may not initiate a breach of contract claim, as it is the union, and not the employee, who must initiate a breach of contract claim in New York. *Berlyn v. Bd. of Educ. of E. Meadow Union Free Sch. Dist.*, 80 A.D.2d 572, 573 (N.Y. App. Div. 2d Dept. 1981), aff'd 55 N.Y.2d 912 (1982). Therefore, Plaintiff lacks standing to bring a breach of contract claim against DOE. *See Cummings v. City of N.Y.*, 19-cv-7723(CM)(OTW), 2020 U.S. Dist. LEXIS 31572, at *39 (S.D.N.Y. Feb. 24, 2020).[2]

Plaintiff asserts that she should be permitted to bring such a claim because she is on a leave of absence and therefore, "not subject to fair representation by her union". Amended Complaint, ECF No. 24, at ¶ 125. The DOE-UFT Collective Bargaining Agreement, annexed to the Declaration of Alana R. Mildner ("Mildner Decl."), dated April 3, 2020, as Exhibit A, however, does not exclude teachers on leave from union representation.

Further, even if Plaintiff were able to bring a breach of contract claim against DOE, Plaintiff fails to identify any provision of the collective bargaining agreement that she believes was violated. *See generally* Amended Complaint, ECF No. 24. Plaintiff states that Principal Cineus failed to follow "Article 20 of the Contract". *Id.* at ¶ 55. Article Twenty, however, refers to "Matters Not Covered" by the collective bargaining agreement and states that

---

[2]    As noted above, to the extent Plaintiff's breach of contract claims concern events prior to October 2013, these claims are barred by the applicable statute of limitations. *See* Part I, above. Nearly all of Plaintiff's claims involve Defendants' alleged actions in investigating a corporal punishment incident in June 2013.

DOE will not make any changes to certain policies without consultation with the union. Mildner Decl. at Ex. A, p. 147. Plaintiff fails to plead how DOE violated the terms of Article Twenty of the collective bargaining agreement. As such, she fails to state a claim for breach of contract.

Plaintiff cannot state a breach of contract claim by alleging violations of the Chancellor's Regulations regarding corporal punishment investigations, as the Chancellor's Regulations are not a contract between DOE and its teachers. Plaintiff does not allege that she relied on DOE's guidelines regarding corporal punishment investigations in commencing or continuing her employment as a DOE teacher. *See Rothbein v. City of N.Y.*, 18-CV-5106 (VEC), 2019 U.S. Dist. LEXIS 32358, at *38-40 (S.D.N.Y. Feb. 28, 2019) (dismissing breach of contract claim regarding DOE regulations as Plaintiff failed to plausibly plead that she detrimentally relied on these documents in commencing or continuing employment).

Although a plaintiff can raise a breach of contract claim by showing that her union failed to adequately represent her interests, Plaintiff makes no such showing here. *See Picott v. Chatmon*, 12 Civ. 7202 (ER), 2017 U.S. Dist. LEXIS 151044, at *32-33 (S.D.N.Y. Sept. 15, 2017) (denying summary judgment on breach of contract claim where a material issue of fact existed as to whether union declined to pursue plaintiff's claims). Consequently, for the foregoing reasons, Plaintiff's breach of contract claim must be dismissed.

## POINT VI

## PLAINTIFF FAILS TO STATE A CLAIM OF DEFAMATION

Plaintiff alleges that DOE has defamed her by: 1) faxing information to Chester Hawkins regarding the June 2013 incident on July 23, 2013; 2) faxing documents regarding the June 2013 incident to Plaintiff's attention, at an incorrect fax number, on June 27, 2013; and 3) providing Plaintiff with a June 2013 corporal punishment intake form in response to Plaintiff's FOIL request on February 15, 2019. *See* Amended Complaint, ECF No. 24, at ¶¶ 53, 54, 58.

Any claims regarding the June 2013 fax to Plaintiff's incorrect number and the July 2013 fax to Hawkins are barred by the one-year statute of limitations for defamation claims in New York. *See* Part I, above. Although Plaintiff contends that she did not discover these fax transmissions until October 2018, the statute of limitations runs from the time the statement was made, not the time it was discovered by the Plaintiff. *See id.*

Even if Plaintiff's claims were timely, Plaintiff fails to state a claim of defamation, as she does not allege the unprivileged publication of false information to a third party. Plaintiff alleges that the documents faxed to Chester Hawkins consisted of a facsimile transmittal sheet indicating that seven pages were annexed for his review, but that these pages were not identified. Therefore, Plaintiff fails to plead that DOE published false information. Moreover, Chester Hawkins was employed by DOE as an investigator. Under the common interest privilege, transmission of information to individuals conducting an investigation cannot be considered defamation. *See Moore v. New York City Dept. of Educ.*, 03 Civ. 2034 (LAP), 2004 U.S. Dist. LEXIS 5338 (S.D.N.Y. Mar. 31, 2004).

Similarly, Plaintiff fails to identify any false information that was published to a third party in the June 2013 fax. Plaintiff alleges that the fax consisted of a cover sheet with a note from Principal Cineus stating, "Ms. Reilly, please review and sign. Fax back to me, I'll be in the office 7/3/13. Thank you. Ms. Reilly, please call before you fax these documents back."

Amended Complaint, ECF No. 24, ¶ 54. Plaintiff states that she never received this note, as it was sent to an incorrect fax number. *Id*. Plaintiff acknowledges that the unidentified pages that were sent to Plaintiff for review were not present in her file. *Id*. at ¶ 53, 54. Therefore, even if such claims were not time-barred, Plaintiff could not plausibly state a claim for defamation regarding the June 2013 fax to Plaintiff's wrong number, as she fails to identify any false information that was published to a third party.

DOE's response to Plaintiff's FOIL request in February 2019 cannot constitute defamation, as this information was produced to Plaintiff and not a third party. Further, Plaintiff fails to plead that the information she obtained through her FOIL request contains any false statements. Plaintiff alleges that in response to her FOIL request, she received a Corporal Punishment Intake Form from DOE's Office of Special Investigation, stating that Plaintiff was alleged to have pushed and grabbed a student and snatched the student's shoe, and that the case was listed as sustained and closed. Amended Complaint, ECF No. 24, ¶ 58. Information regarding the substance of the allegations and a statement of the investigation's findings are not falsehoods. *See Sandiford v. City of N.Y. Dept. of Educ.*, 26 Misc.3d 1223(A) (Sup. Ct. N.Y. Cnty. Feb. 9, 2010) (letters stating that allegations were being investigated were not false statements). Although Plaintiff disagrees with DOE's findings, it is not false for DOE to maintain records that accurately reflect the allegations made against Plaintiff and the outcome of DOE's investigation.

## POINT VII

## PLAINTIFF FAILS TO STATE A CLAIM OF FRAUD

Plaintiff asserts a cause of action of "fraud / misconduct". A claim for fraud in New York must be plead with specificity. N.Y. C.P.L.R. § 3016(b). Plaintiff's Amended Complaint fails to offer any specific details of the alleged fraud. *See* Amended Complaint, ECF No. 24, at ¶¶ 115 – 122.

Plaintiff alleges that Defendants made "false material representations" but does not detail what those representations were or how "Plaintiff and others justifiably relied" on those representations. Amended Complaint, ECF No. 24, at ¶ 117. Plaintiff alleges that Defendants "attempted to conceal their wrongdoing by falsifying and filing erroneous documents more than four (4) years following the [June 2013] incident". *Id.* at ¶ 120. It appears that Plaintiff is referring to a form, dated July 10, 2017, indicating that several documents from the investigation into the June 2013 incident, such as witness statements, an incident report form, and a copy of the letter informing Plaintiff of the allegations, could not be located. *Id.* at ¶ 54.

Plaintiff fails to specify how a notation that certain documents were missing constitutes fraud. Rather, it appears that DOE's records acknowledge that four years after the June 2013 incident, certain documents from the investigation could not be found. That certain documents were missing four years later does not render the findings of the 2013 investigation false or fraudulent.

Accordingly, Plaintiff fails to plead any facts to state a claim of fraud, and her claims must be dismissed.

## POINT VIII

### PLAINTIFF'S EMOTIONAL DISTRESS CLAIMS MUST BE DISMISSED

Plaintiff asserts claims of both negligent and intentional infliction of emotional distress. *See* Amended Complaint, ECF No. 24, at ¶¶ 101 – 114. Plaintiff fails to plead any specific facts in connection with these claims, nor does she specify which actions she believes to be negligent and which she believes to be intentional.

Under New York law, claims for intentional infliction of emotional distress may not be brought against a governmental entity. *See Frederique v. Cnty. of Nassau*, 168 F. Supp. 3d 455, 483-84 (E.D.N.Y. 2016). Accordingly, Plaintiff may not bring such claims against the City of New York or DOE. *See N.U. v. E. Islip Union Free Sch. Dist.*, 16-cv-4540 (SJF)(ARL), 2017 U.S. Dist. LEXIS 224461, at *65 – 67 (E.D.N.Y. Sept. 15, 2017) (dismissing intentional infliction of emotional distress claims against a school district as a matter of law).

To the extent Plaintiff seeks to bring intentional infliction of emotional distress claims against Defendants Cineus and Traversiere, Plaintiff fails to plead any facts within the limitations period that would state such a claim. New York has a one-year statute of limitations for intentional infliction of emotional distress claims. *See Teller v. Galak*, 162 A.D.3d 959, 960 (N.Y. App. Div. 2d Dep't 2018); N.Y. C.P.L.R. § 215(3). Claims for negligent infliction of emotional distress in New York are subject to a three-year statute of limitations. *See Tornheim v. Fed. Home Loan Mortg. Co*, 988 F. Supp. 2d 279, 286 n. 6 (S.D.N.Y. 1997); N.Y. C.P.L.R. § 214.

Plaintiff makes no timely allegations of intentional or negligent infliction of emotional distress. Plaintiff alleges that Defendant Traversiere violated DOE Chancellor's Regulations in June 2013 when he asked the entire class of students to prepare written statements, rather than interviewing students individually. Amended Complaint, ECF No. 24, at ¶ 38. Plaintiff further alleges that Defendant Cineus failed to inform Plaintiff that the June 2013

allegations constituted a "corporal punishment" investigation.  *Id.* at ¶ 40.  Not only are such alleged actions a far cry from the extreme and outrageous conduct required for intentional infliction of emotional distress claims, these June 2013 events are far beyond the one year statute of limitations for such claims.

The elements for negligent infliction of emotional distress are: "(1) extreme and outrageous conduct; (2) a causal connection between the conduct and the injury, and (3) severe emotional distress."  *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297-98 (S.D.N.Y. 2015).  Plaintiff fails to allege any extreme and outrageous conduct.  Extreme and outrageous conduct is defined as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  *Id.*  An allegation that Plaintiff was incorrectly found to have committed corporal punishment would not constitute extreme and outrageous conduct.

Claims for negligent infliction of emotional distress are rarely granted, especially in the employment context.  *See Kelly v. Chase Manhattan Bank*, 717 F. Supp. 227, 235 (S.D.N.Y. 1989) ("Even under the most optimal circumstances…termination of an employee is likely to give rise to bad feelings and anxiety.  This cannot mean that every adverse employment decision may give rise to a claim of negligent infliction of emotional distress.")   Courts in the Second Circuit routinely dismiss claims involving far more egregious conduct than that alleged in the instant matter.  *See Matthews v. City of N.Y.*, 1:15-CV-2311 (ALC), 2017 U.S. Dist. LEXIS 103039, at *15 (S.D.N.Y. June 30, 2017) (collecting cases in which courts found that false arrest claims did not rise to the level of extreme or outrageous conduct).  "Where courts have found complaints sufficient to state a claim for intentional or negligent infliction of emotional distress in the employment context, 'the claims have been accompanied by allegations

of sex discrimination and more significant battery.'" *Pallonetti v. Liberty Mut.*, 10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529, at *31 (S.D.N.Y. Feb. 11, 2011), *quoting Benjamin v. New York City Dep't of Health*, No 99 Civ. 12345, 2002 U.S. Dist. LEXIS 5446 at *28 (S.D.N.Y. Mar. 29, 2002). Plaintiff's allegations that administrators erred in conducting a corporal punishment investigation fall far short of the extreme and outrageous conduct necessary for a negligent infliction of emotional distress claim to be granted.

Further, to the extent Plaintiff's claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress are duplicative of Plaintiff's defamation claims, Plaintiff is not permitted to bring such claims. *See Cummings v. City of N.Y.*, 19-cv-7723 (CM)(OTW), 2020 U.S. Dist. LEXIS 31572, at *77-78 (S.D.N.Y. Feb. 24, 2020) (dismissing attempt to recast defamation claims as claims for infliction of emotional distress).

## POINT IX

## THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS ACTION

It is well-established that DOE and the City of New York are separate legal entities. *See Perez v. City of New York*, 41 A.D.3d 378, 379 (N.Y. App. Div. 1st Dep't 2007). Plaintiff was employed by DOE, not the City of New York. *See generally* Amended Complaint, ECF No. 24. Therefore, the City of New York must be dismissed from this action, as all of Plaintiff's claims are against DOE and the individual defendants, and not the City. *See Missick v. City of New York*, 707 F. Supp. 2d 336, 346-47 (E.D.N.Y. 2010).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            April 3, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants City of New York, New York City Department of Education, Omotayo Cineus, and Steve Traversiere
100 Church Street, Room 2-146
New York, New York 10007
(212) 356-1177
amildner@law.nyc.gov

By:           /s/
          Alana R. Mildner
          Assistant Corporation Counsel

William S.J. Fraenkel,
Alana R. Mildner,
   Of Counsel.