UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BRITTNEY BIEHNER,

                         Plaintiff,              19-cv-9646 (JGK)

         - against -

CITY OF NEW YORK, ET AL.,                        MEMORANDUM OPINION
                                                 AND ORDER
                         Defendants.
_____

JOHN G. KOELTL, District Judge:

     The plaintiff, Brittney Biehner, brought this action

against the City of New York, the New York City Department of

Education, Omotayo Cineus, Steve Traversiere, and John Does #1-

100 pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e et seq.; 42 U.S.C. § 1983; 42 U.S.C. § 1985; and

New York State law. On October 20, 2021, this Court dismissed

the plaintiff's Second Amended Complaint ("SAC") with prejudice.

See Biehner v. City of New York, No. 19-cv-9646, 2021 WL 4924838

(S.D.N.Y. Oct. 20, 2021) (hereinafter Biehner II).

     The plaintiff now moves pursuant to Local Civil Rule 6.3

and Federal Rule of Civil Procedure 59(e) to alter or amend the

judgment dismissing the SAC. For the reasons that follow, the

plaintiff's motion is **denied.**

                              I.

     The Court presumes familiarity with the facts of this case.

See generally Biehner II, 2021 WL 4924838, at *1; Biehner v.

City of New York, No. 19-cv-9646, 2021 WL 878476, at *1-2

                               1

(S.D.N.Y. Mar. 9, 2021) (hereinafter Biehner I). However, the recent procedural history of this case is relevant to the pending motion for reconsideration.

The Memorandum Opinion and Order dismissing the SAC with prejudice was filed on October 20, 2021. See Biehner II, 2021 WL 4924838. On October 21, 2021, the Clerk of Court entered a judgment in favor of the defendants, and closed the case. ECF No. 45. On November 4, 2021, the plaintiff filed a motion for "reargument and reconsideration" pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), ECF No. 46, and on November 5, she supplemented this motion with a supportive memorandum of law, ECF No. 47. The defendants responded to the plaintiff's motion on November 12, 2021. ECF No. 49. On November 19, 2021, the plaintiff also filed a notice of appeal with respect to the October 20 Memorandum Opinion and Order and the related judgment. ECF No. 50.

Two days later, on November 21, 2021, the Clerk directed the plaintiff to refile her motion for reconsideration because of a filing error in the initial docket entry that rendered the filing deficient. See ECF No. 46. The Clerk thus terminated the plaintiff's motion for reconsideration.

On November 30, 2021, the Court ordered the plaintiff to refile her motion pursuant to the Clerk's directive. ECF No. 51. On December 3, 2021, the plaintiff filed the operative motion.

ECF No. 52. She also filed a reply memorandum of law in support
of her motion for reconsideration on the same date. ECF No. 55.

## II.

As an initial matter, the Court considers whether the
motion is timely and whether the Court has jurisdiction over the
motion.

## A.

Under Local Civil Rule 6.3, a motion for reconsideration
must be made within 14 days after the entry of judgment, except
as otherwise provided by statute or rule, such as Federal Rule
of Civil Procedure 59.[1] Under Federal Rule of Civil Procedure
59(e), a motion for reconsideration must be made within 28 days
after the entry of judgment.[2] Federal Rule of Civil Procedure
6(b)(2) prohibits any expansion of the 28-day period,
Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 401 (2d Cir.
2000), and motions under Local Civil Rule 6.3 are equally

---

[1] Both the plaintiff and the defendants incorrectly assert that the
time to file a motion for reconsideration under Local Civil Rule 6.3
is 14 days after the entry of the judgment. But this disregards the
first clause in the Rule, which provides that the 14-day time period
applies "[u]nless otherwise provided by the Court or by statute or
rule (such as Fed. R. Civ. P. 50, 52, and 59)." Federal Rule of Civil
Procedure 59(e)'s 28-day time period therefore displaces the 14-day
time limit provided in Local Civil Rule 6.3.

[2] The defendants erroneously assert that the time to file a motion for
reconsideration under Federal Rule of Civil Procedure 59(e) is 10 days
after the entry of judgment. That was the time limit before the Rule
was amended in 2009, but is no longer the applicable time limit.

strict, see, e.g., McGraw-Hill Glob. Educ. Holdings, LLC v.
Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting
cases).[3] However, "[c]ourts in the Southern District of New York
routinely decline to consider motions to be untimely based on a
failed [docket] filing, particularly where a [Notice of
Electronic Filing] was generated upon an original, timely
filing." Corley v. Spitzer, No. 11-cv-9044, 2015 WL 127718, at
*3 (S.D.N.Y. Jan. 7, 2015) (collecting cases). Instead, where a
failed docket filing is at issue, courts in this district
consider the movant's initial filing date as the effective date
for timeliness purposes. See id.

In this case, while the plaintiff's properly filed motion
for reconsideration was filed after the passage of the strict
28-day time period, the motion is nonetheless timely. The
plaintiff's original, deficiently filed motion and the
applicable memorandum of law were filed 14 days after the date
on which the judgment was entered (excluding that date). See
Fed. R. Civ. P. 6(a)(1)(A). The motion was therefore timely
under Federal Rule of Civil Procedure 59(e) and Local Civil Rule
6.3.

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in
quoted text.

Consistent with the practice in this district, and notwithstanding the Clerk's error message and termination of the motion, the Court therefore considers the plaintiff's motion for reconsideration to be timely. See Corley, 2015 WL 127718, at *3.[4]

**B.**

In addition to finding the motion timely, the Court must also have jurisdiction before it proceeds to the merits of this motion. See Weinreb v. Xerox Bus. Servs., No. 16-cv-6823, 2020 WL 4288376, at *1 (S.D.N.Y. July 27, 2020). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). However, if a party files a timely motion to alter or amend the judgment, see Fed. R. App. P. 4(a)(4)(A)(iv), and files a notice of appeal before the district court disposes of that motion,

---

[4] Moreover, motions that are untimely under Federal Rule of Civil Procedure 59(e) are construed as motions under Federal Rule of Civil Procedure 60(b) for relief from judgment. Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010). The standards under the Rules are substantially similar. See, e.g., Kelsey v. City of New York, No. 03-cv-5978, 2007 WL 1352550, at *4 (E.D.N.Y. May 7, 2007) (describing the respective standards and noting that they are similarly strict). Accordingly, the Court need not conduct an alternative analysis under Federal Rule of Civil Procedure 60(b) to dispose of this motion. To the extent the Court finds the plaintiff's motion without merit under Federal Rule of Civil Procedure 59(e), it would be similarly unavailing under Federal Rule of Civil Procedure 60(b).

then the notice of appeal does not become effective until the order disposing of that motion is entered, see Fed. R. App. P. 4(a)(4)(B)(i); see also Banks v. Braun, No. 19-cv-6591, 2019 WL 6050426, at *1 (S.D.N.Y. Nov. 15, 2019). In such a situation, the district court retains jurisdiction over the motion. See Weinreb, 2020 WL 4288376, at *1.

In this case, because the plaintiff's motion for reconsideration is timely and has not yet been disposed of, the notice of appeal has not become effective under Federal Rule of Appellate Procedure 4(a)(4)(B). The Court therefore has jurisdiction to decide the current motion.

In the event that there is any doubt that the Court has jurisdiction, however, the Court construes the motion for reconsideration as a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1. This Rule authorizes the Court to deny a motion that "the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a)(2); see also Darnell v. Pineiro, 849 F.3d 17, 28 n.7 (2d Cir. 2017); Weinreb, 2020 WL 4288376, at *2.[5]

---

[5] Similarly, if the current motion were to be considered a motion under Federal Rule of Civil Procedure 60(b) instead of 59(e), the Court would also be empowered to "entertain and deny the rule 60(b) motion" under Federal Rule of Civil Procedure 62.1. See Obra Pia Ltd. v. Seagrape Invs. LLC, No. 19-cv-7840, 2021 WL 1978545, at *4 (S.D.N.Y. May 18, 2021) (quoting Toliver v. Cty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)).

Having decided that the motion is timely and that the Court is empowered to decide the motion, the Court proceeds to the merits of the plaintiff's motion.

### III.

The standards governing motions under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 are the same. R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 509. "To succeed on a motion for reconsideration, the movant carries a heavy burden." D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd., 437 F. Supp. 3d 312, 314 (S.D.N.Y. 2019). The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). In particular, a motion for reconsideration "is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Indeed, this standard is strict "in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp.

2d 390, 391-92 (S.D.N.Y. 2000). "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014).

In this case, the plaintiff's motion for reconsideration must be denied. The plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or any factual matters that were put before the Court in the underlying motion. Rather, the plaintiff has attempted to repeat the arguments already rejected by the Court — in some instances, twice — in Biehner II, 2021 WL 4924838, and Biehner I, 2021 WL 878476. Reiterating the same arguments is not a basis for reconsideration. The fact that the plaintiff disagrees with the Court's decision is also not a basis for reconsideration. See, e.g., Mimi So, 640 F. Supp. 2d at 512-13. The motion for reconsideration is therefore denied. See Vincent, 2014 WL 1673375, at *1; Yurman Design, Inc. v. Golden Treasure Imports, Inc., 218 F.R.D. 396, 396 (S.D.N.Y. 2003).

## IV.

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The plaintiff's motion for reconsideration is **denied.**

The Clerk is directed to close Docket No. 52. The Clerk is also directed to transmit notice to the Court of Appeals that this motion has been denied.

SO ORDERED.

Dated:     New York, New York
           December 6, 2021

                                        _____
                                             John G. Koeltl
                                        United States District Judge